IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
) CASE NOS. CR407-228
CHRISTINA STONE, ) CR407-239
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Stone's Motion for Return of Personal Property. (CR407-239, Doc. 139.) For the following reasons, Defendant's Motion is **DENIED IN PART**. Defendant is not entitled to the return of the four cell phones or $680.72 in U.S. currency. Furthermore, the Government is **DIRECTED** to provide the Court with evidence that it has returned all other items in Defendant's possession at the time of her arrest. The Government shall have **twenty (20) days** from the date of this Order to file a supplemental response.

Defendant moves under Federal Rule of Criminal Procedure 41(g) for the return of property seized upon her arrest. Specifically, Defendant requests that the Government return $680.72 in U.S. currency, a purse, a compact disk, a necklace, a bracelet, and other

unidentified property.[1] In its Response, the Government asserts that, on December 11, 2007, it returned to Defendant all property she had in her possession at the time of her arrest, with the exception of four cell phones and the U.S. currency. (CR407-239, Doc. 207.) The Government argues that it is entitled to retain the four cell phones because Defendant's sentence is not final and they have some evidentiary value.[2] Also, the Government contends that the $680.72 in U.S. currency will be remitted to the Probation Office and applied toward her restitution obligations should the Eleventh Circuit Court of Appeals affirm Defendant's sentence. (CR407-239, Doc. 195.)

Federal Rule of Criminal Procedure 41(g) allows for an individual to petition for the return of seized property "on the ground that such person is entitled to lawful possession of the property." United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999). A criminal defendant is generally presumed to have a right to the return of her property once it is no longer needed as evidence. United States v. Dean, 100 F.3d 19, 20 (5th Cir. 1996), United

---

[1] Defendant references a Secret Service Investigative Report, dated September 13, 2007, that is purportedly attached to the Motion. However, the Motion did not include any attachments. (See CR407-239, Doc. 139.)
[2] The Government contends that the four cell phones also have evidentiary value in their ongoing criminal investigation of unindicted coconspirators.

2

States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993). However, when a criminal defendant takes a direct appeal, the Government may still have a need for the seized property as evidence because her criminal proceedings have not concluded. United States v. Bailey, 206 F. App'x 650, 653 (8th Cir. 2006) (unpublished), United States v. Uribe-Londono, 177 F. App'x 89, 90-91 (1st Cir. 2006) (unpublished). In this case, Defendant has appealed her judgment and sentence. (CR407-239, Doc. 169.) Therefore, Defendant is not entitled to the return of the four cell phones because the Government has indicated that they may be used as evidence in the event Defendant is granted a new trial.[3]

While a criminal defendant is presumptively entitled to the return of property once the Government no longer needs it for use at trial, the Government may keep the property if it articulates a legitimate reason for doing so. United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)). Where seized property can be applied toward a defendant's restitution obligations, courts have recognized that the Government has a legitimate

---

[3] Defendant may request the return of the four cell phones when they cease to have evidentiary value.

3

reason to keep that property. <u>Lavin v. United States</u>, 299 F.3d 123, 127-28 (2d Cir. 2002), <u>United States v. Mills</u>, 991 F.2d 609, 612 (9th Cir. 1993), <u>United States v. Duncan</u>, 918 F.2d 647, 654 (6th Cir. 1990); <u>see</u> 18 U.S.C. § 3613. In this case, Defendant's sentence included a valid restitution order. (CR407-239, Doc. 168 at 5-11.) As a result, Defendant is not entitled to the return of the $680.72 in cash because the Government has a legitimate reason for maintaining possession of the funds—applying that sum to Defendant's restitution obligations.

Defendant also requests that the Government return a purse, a compact disk, a bracelet, a necklace, and other unidentified items in her possession at the time of her arrest. In its Response, the Government states that it has returned all of the property in Defendant's possession at the time of her arrest, except for the four cell phones and cash.[4] However, the Government must provide some evidence to support its conclusion that all other items seized from Defendant were later returned. <u>See</u> <u>Potes Ramirez</u>, 260 F.3d at 1314. In the absence of such evidence, the Court is unable to rule on the merits of Defendant's Motion with

---

[4] It is unclear from the Government's response if it is asserting that Defendant did not have these items in her possession when she was arrested or that these items were seized and later returned to Defendant.

respect to these items. Therefore, the Court will afford the Government an opportunity to provide evidence supporting their contention. Accordingly, the Government shall have twenty (20) days from the date of this Order to file a supplemental response.

In conclusion, Defendant's Motion is **DENIED** with respect to the four cell phones and $680.72 in cash. The Government is **DIRECTED** to provide the Court with evidence that it has returned all other items in Defendant's possession at the time of her arrest. The Government shall have **twenty (20) days** from the date of this Order to file a supplemental response.

SO ORDERED this 3rd day of December, 2008.

WILLIAM T. MOORE, JR. / CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA